# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RAMON HOSEA MCGRAW,                                                               PETITIONER
ADC #142102

v.                                    5:10-cv-00374-JMM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Petitioner, Ramon Hosea McGraw, an inmate in the Maximum Security Unit of the Arkansas Department of Correction (ADC), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2).

**I.   BACKGROUND**

This Court previously set out the factual and procedural history of Mr. McGraw's case in a Proposed Findings and Recommended Disposition dated January 27, 2010, denying his § 2254 petition in this district.[1] That history is as follows:

> Given the limited history provided by Petitioner concerning his prior convictions, the Court has gleaned the following background information from Pulaski County and Saline County docket sheets found online. Mr. McGraw was charged in Pulaski County Circuit Court, case no. 2007-cr-001088, for burglary (residential), theft by receiving, and theft of property.[2] On June 2, 2008, he entered a plea of guilty and was sentenced to five years in the ADC with 175 days of jail credit.[3] His Judgment

---

[1] USDC, ED/AR, 5:10-cv-00018-JMM, Doc. No. 3.

[2] See http://www.pulaskiclerk.com/tblCharge_Detail.asp?PartyName=MCGRAW%2CRAMON+H&CaseNumber =CR2007001088&PTYNUM=0001

[3] See http://www.pulaskiclerk.com/tblDocket_Detail.asp?CaseNumber=CR208000199&PTYNUM=0001&offset=9

and Commitment was entered on June 9, 2008. (*Id.*). An amended Judgment and Conviction was entered on June 23, 2008. (*Id.*). Petitioner also was charged in Pulaski County Circuit Court, case no. 2008-cr-000199 for burglary (residential) and theft of property.[4] On June 2, 2008, Petitioner entered a plea of guilty and was sentenced to five years in the ADC with 175 days of jail credit.[5] His Judgment and Commitment was entered on June 9, 2008. (*Id.*). Lastly, it appears Petitioner was charged on February 2, 2008 with theft by receiving in Saline County, case no. 2008-cr-92B-2.[6] He entered a guilty plea on July 15, 2008.[7] A subsequent judgment was entered on July 22, 2008. (*Id.*). According to Mr. McGraw, his ultimate sentence for all three cases was five years, with all the imposed sentences to run concurrently. Petitioner admittedly did not file any direct appeals or motions for post-conviction relief. (Doc. No. 2).

USDC, ED/AR, 5:10-cv-00018-JMM, Doc. No. 3.

Mr. McGraw filed his habeas petition in case number 5:10-cv-00018-JMM on January 22, 2010. In his petition, he alleged that: (1) the judge forced him to use counsel; (2) he was forced to plead guilty; (3) a false disciplinary was written against him; and (4) he was being subjected to cruel and unusual punishment.[8] On January 27, 2010, this Court entered a Report and Recommendations dismissing his petition as untimely filed after the one year statute of limitations period provided in 28 U.S.C. § 2244(d).[9] This Court's decision was adopted by United States District Judge James M. Moody on February 2, 2010.[10] Mr. McGraw filed an appeal to the United States Court of Appeals

---

[4] See http://www.pulaskiclerk.com/tblCharge_Detail.asp?CaseNumber =CR2008000199&PTYNUM=0001

[5] See http://www.pulaskiclerk.com/tblDocket_Detail.asp?CaseNumber=CR208000199&PTYNUM=0001&offset=9

[6] See https://www.ark.org/grs/app/saline?page=results&results.fpnlPage=1&position=2

[7] See https://www.ark.org/grs/app/saline?page=results&results.fpnlPage=1&position=3

[8] USDC, ED/AR, 5:10-cv-00018-JMM, Doc. No. 2.

[9] *Id.* at Doc. No. 3.

[10] *Id.* at Doc. Nos. 6, 7.

for the Eighth Circuit.[11]  The Eighth Circuit dismissed his appeal on May 25, 2010, for lack of jurisdiction, and a Mandate issued on July 22, 2010.[12]

Mr. McGraw filed a second § 2254 petition in this district in case number 5:10-cv-00143-JMM.[13]  In his petition he set forth the following claims for relief: (1) the circuit judge did not appoint him a new public defender or allow him to represent himself in sentencing, forcing him to plead guilty and have counsel; (2) he was falsely arrested and therefore falsely imprisoned; (3) he was sexually assaulted in his sleep while in solitary confinement in Wrightsville and was later "shipped to Tucker max to be victim of the sexual assault in my sleep same way;" and (4) the prison officials continually wrote him up to keep him from having a better class status and violated his Eighth Amendment rights.[14]  His petition was dismissed as successive pursuant to 28 U.S.C. § 2244(a).[15]  Mr. McGraw was also instructed that his third and fourth grounds for relief presented challenges to his conditions of confinement and therefore should have been presented in a 42 U.S.C. § 1983 action.[16]  The Clerk of the Court sent Mr. McGraw a § 1983 packet.[17]

Mr. McGraw filed the instant 28 U.S.C. § 2254 Petition on December 27, 2010 (Doc. No. 2), and sets forth four grounds for relief: (1) he has been denied access to the courts; (2) Judge Sims forced counsel upon Mr. McGraw and forced him to plead guilty; (3) the circuit court sentenced him

---

[11]*Id.* at Doc. No. 11.

[12]*Id.* at Doc. No. 14, 16.

[13]USDC, ED/AR Case Number 5:10-cv-00143-JMM, Doc. No. 2.

[14]*Id.*

[15]*Id.* at Doc. No. 4, 7, 8.

[16]*Id.* at Doc. No. 4

[17]*Id.*

4

on old charges, forced him to plead guilty, and the district court refused to file his habeas petition and 1983 petition; and (4) he has been subjected to cruel and unusual punishment at the prison including excessive force, sexual assault, malpractice, food poisoning, unsanitary living, theft of property, and no access to the courts. (*Id*.).

## II. DISCUSSION

Under Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." This rule is applicable to § 2241 petitions through Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES. In this case, the Court has determined that some of Mr. McGraw's claims are procedurally barred because they are successive pursuant to 28 U.S.C. § 2244(a). The remaining claims are not cognizable in a habeas action. Therefore, Mr. McGraw is not entitled to relief in this Court.

> Section 2244(a) of Title 28 provides:
>
> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

In this case, Mr. McGraw's claims in grounds two and three must be construed as successive because he raised them or could have raised them in his first habeas petition before this Court. See *Queen v. Miner*, 530 F.3d 253, 255 (3rd Cir. 2008) (finding Petitioner's claims in his § 2241 petition were successive because they "either had been, or could have been, decided in his previous habeas action"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (holding that

"[s]uccessive § 2241 petitions by federal prisoners are subject to threshold dismissal in federal court because" of § 2244(a); see also *Phelps v. U.S. Federal Government,* 15 F.3d 735, 737-38 (8th Cir. 1994) (affirming the district court's application of pre-AEDPA version of § 2244 to find an abuse of the writ in a successive § 2241 petition).

To the extent that Mr. McGraw's other claims challenge the conditions of his confinement or rulings this Court has made in his prior cases, they are not cognizable in a habeas petition and therefore this Court does not have jurisdiction over them.

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Mr. McGraw's Petition (Doc. No. 2) be DISMISSED, the relief requested be DENIED and all other pending motions be denied as moot.

DATED this 1st day of February, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE